ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Aug-29 12:38:36
60CV-23-6464
C06D04 : 14 Pages

In the Circuit Court of Pulaski County, Arkansas

Juwaireeyah Mujahid                                                    Plaintiff

v.                                      Case No. _____

Jefferson Capital Systems, LLC;
Jacob Law Group, PLLC                                                  Defendants

## Complaint

1.    Defendants filed a debt collection lawsuit against Plaintiff Juwaireeyah Mujahid

(Mujahid) in the Circuit Court of Pulaski County, Arkansas. Defendants' misconduct in

bringing the collection lawsuit based on a contract Juwaireeyah Mujahid did not sign and by

mailing a motion for summary judgment to Juwaireeyah Mujahid at an address they knew

Mujahid no longer resided, violated the Fair Debt Collection Practices Act (the FDCPA), 15

U.S.C. § 1692i, and the Arkansas Fair Debt Collection Practices Act (the AFDCPA), Ark. Code

Ann. § 17-24-510.

2.    Two of the purposes of the FDCPA and the AFDPCA is  to prohibit false,

deceptive, or misleading representations and deceptive and also prohibits unfair and

unconscionable practices when debt collectors bring and litigate debt collection litigation

against consumers.

3.    After Defendants sued and served Mujahid in the Circuit Court of Pulaski County,

Arkansas, she filed a pro se Answer to the debt collection complaint, which informed

Defendants that she did not sign the contract giving rise to the debt and of her address.

1

4.     Defendants then send Requests for Admission and thereafter a Motion for

Summary Judgment to an address it knew Mujahid did not reside.

5.     Mujahid discovered the pending motion for summary judgment and retained

undersigned counsel to file an opposition to the Motion for Summary Judgment.

6.     Defendants' conduct proximately caused Juwaireeyah Mujahid emotional

distress in the form of worry that a judgment would be entered against her and other actual

damages because she incurred attorney fees to defend the motion for summary judgment.

## Jurisdiction & Venue

7.     Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d):

"An action to enforce any liability created by this subchapter may be brought in
any appropriate United States district court without regard to the amount in
controversy, or in any court of competent jurisdiction, within one year from the
date on which the violation occurs."

8.     This Court is a court of competent jurisdiction.[1]

9.     Jacob Law Group PLLC files thousands of debt collection lawsuits against

Arkansas residents every year.

10.    Jacob Law Group PLLC is run by Michael A Jacob, II, an attorney licensed to

practice law in Arkansas.

11.    Jacob Law Group PLLC filed the debt collection lawsuit against Juwaireeyah

Mujahid in the Circuit Court of Pulaski County, Arkansas.

---

[1] See AR Const. Amend. 80, sec. 6; Ark. Code Ann. § 16-13-201(a).

12.    Jacob Law Group PLLC maintains a registered agent with the Arkansas Secretary of State.

13.    Defendant Jacob Law Group PLLC is subject to *in personam* jurisdiction in Arkansas.

14.    Defendant Jefferson Capital Sys., holds a collection agency license issued by the State Board of Collection Agencies.

15.    Jefferson Capital Sys.'s collection agency license allows it to collect debts in Arkansas.

16.    Jefferson Capital Sys. filed the debt collection lawsuit against Juwaireeyah Mujahid in the Circuit Court of Pulaski County, Arkansas.

17.    Jefferson Capital Sys. maintains a registered agent with the Arkansas Secretary of State.

18.    Jefferson Capital Sys. is subject to *in personam* jurisdiction in Arkansas.

19.    Venue is proper in Pulaski County, Arkansas, because it is the county in which Juwaireeyah Mujahid resided at the time of the event or omission giving rise to his causes of action:

>   (a)    A civil action other than a civil action mentioned in §§ 16-60-102 – 16-60-109, 16-16-101, and specific venue provisions codified in another title of the Arkansas Code shall be brought in any of the following counties:
>   ***
>
>   (3)(A) The county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action.

## Parties

### *Plaintiff Juwaireeyah Mujahid*

20.    Juwaireeyah Mujahid (Mujahid) is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3): "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."

21.    Juwaireeyah Mujahid is a "consumer" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-502(2): "'Consumer' means a natural person obligated or allegedly obligated to pay a debt."

### *Defendant Jefferson Capital Systems, LLC*

22.    Jefferson Capital Systems, LLC (Jefferson Capital Sys.) is a foreign limited liability company, organized under Georgia law.

23.    Jefferson Capital Sys. operates from 200 14H Avenue E, Sartell, MN 56377.

24.    Jefferson Capital Sys. may be served with process via its registered agent with the Arkansas Secretary of State: Corporation Service Company, 300 Spring Building, Suite 900, South Spring Street, Little Rock, AR 72201.

25.    Jefferson Capital Sys. is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(6):

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. ..."

26.    Jefferson Capital Sys. is a "debt collector" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-502(5)(A): "'Debt collector'" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is

the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

27.    Jefferson Capital Sys. uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

28.    Jefferson Capital Sys. purchases defaulted consumer debt and then attempts to collect these debts via collection letters and suing consumers in its own name as plaintiff in debt collection lawsuits.

29.    Jefferson Capital Sys. does not originate loans or extend credit to consumers.

30.    Jefferson Capital Sys. purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collection on the consumer debt it purchases.

31.    After purchasing defaulted consumer debts, Jefferson Capital Sys. hires lawyers and law firms, like Jacob Law Group, PLLC, who are also debt collectors to collect the debts by filing debt collection lawsuits against consumers.

32.    Jefferson Capital Sys. files debt collection lawsuits in its own name as a plaintiff, so that it can obtain judgments against consumers, become a current creditor in its own name, and then execute on the judgment by wage and account garnishment against consumers.

33.    In 2022, Jefferson Capital Sys. filed over 100 debt collection lawsuits in Arkansas courts, and many more across the country.

34.    Upon information and belief, almost all of Jefferson Capital Sys.'s resources are devoted to debt collection.

35.    Upon information and belief, almost all of Jefferson Capital Sys.'s revenue is derived from debt collection.

36.    Upon information and belief, almost all of Jefferson Capital Sys.'s expenses are related to debt collection.

37.    Jefferson Capital Sys.'s is a licensed collection agency with the Arkansas State Board of Collection Agencies.

38.    As part of its licensing process with the Arkansas State Board of Collection Agencies, Jefferson Capital Systems identified 38 employees as collectors or solicitors.

### Defendant Jacob Law Group PLLC

39.    Jacob Law Group PLLC (Jacob Law Group) is a foreign limited liability company organized under Mississippi law.

40.    Jacob Law Group is law firm.

41.    Jacob Law Group operates its law practice from 2623 West Oxford Loop, Oxford, MS 38655.

42.    Jacob Law Group may be served with service of process via its registered agent with the Arkansas Secretary of State: Corporation Service Company, 300 Spring Building, 300 S. Spring Street, Suite 900, Little Rock, AR 72201.

43.    Jacob Law Group is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(6):

> The term "debt collector" means any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. ..."

44.    Jacob Law Group is a "debt collector" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-502(5)(A): "'Debt collector'" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is

the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

45.    Jacob Law Group uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

46.    Jacob Law Group regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

47.    Jacob Law Group devotes a substantial percentage of its business and resources to debt collection.

48.    Jacob Law Group derives a substantial amount of its revenue from debt collection.

49.    Jacob Law Group markets itself as a debt collector via its website.

50.    Jacob Law Group is a member of ACA International.

51.    Jacob Law Group is a member of the National Association of Retail Collection Attorneys.

52.    In the year before filing of this civil action, Jacob Law Group filed over 600 debt collection lawsuits in Arkansas courts, and many more in Mississippi and Tennessee.

53.    The FDCPA and the AFDCPA applies to law firms.[2]

---

[2] See *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 11489, 131 L. Ed. 2d 295 (1995).

**Factual Allegations**

54.   Within one year immediately preceding filing this pleading, Defendants

attempted to collect from Mujahid a "debt" as that term is defined by the FDCPA, 15 U.S.C.

§ 1692a(5):

> The term "debt" means any obligation or alleged obligation of a consumer to pay
> money arising out of a transaction in which the money, property, insurance, or services
> which are subject of the transaction are primarily for personal, family, or household
> purposes, whether or not such obligation has been reduced to judgment.

55.   Within one year immediately preceding filing this pleading, Defendants

attempted to collect from Mujahid a "debt" as that term is defined by the AFDCPA, 17-24-

502(4): "'Debt' means a person who uses an instrumentality of interstate commerce or the

mails in a business whose principal purpose is the collection of debts or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another."

56.   On August 29, 2022, Defendants filed a lawsuit against Mujahid in the Circuit

Court of Pulaski County, Arkansas to collect a debt arising from the alleged default of a

Retail Installment Contract for the purchase of vehicle.[3]

57.   Defendants had a summons issued to Juwaireeyah Mujahid at 2011 Aztec Drive,

Apt. 1801, North Little Rock, AR 72116.

58.   On September 12, 2022, Juwaireeyah Mujahid filed and served a *pro se* Answer,

stating that she was not responsible for the debt, and listing her address as 426 Sierra

Madre Drive B, North Little Rock, AR 72118.

---

[3] Exhibit 1, Filings and Pleadings in *Jefferson Capital Systems, LLC v. Juwaireeyah Mujahid*, Case No. 60CV-22-
5855, In the Circuit Court of Pulaski County, Arkansas.

59.    On October 19, 2022, Defendants served Juwaireeyah Mujahid with the Summons and Complaint at 426 Sierra Madre Drive B, North Little Rock, AR 72118.

60.    On November 8, 2022, Juwaireeyah Mujahid filed and served second *pro se* Answer, that stated she did not purchase the car the dealership, nor sign the Retail Installment Contract at issue.

61.    Juwaireeyah Mujahid's Answer stated the Zaynab Mujahid, instead, had signed her name to paperwork to purchase the vehicle.

62.    On November 9, 2022, Defendants filed a Motion to Have Unanswered Requests for Admissions Deemed Admitted and for Summary Judgment (the Motion for Summary Judgment).

63.    The Motion's Certificate of Service reflects Defendants mailed the Motion to 2011 Aztec Dr., Apt. 1801, North Little Rock, AR 72116, even though it had served Juwiareeyah Mujahid with the summons and complaint at 426 Sierra Madre B, North Little Rock, AR 72118 and knew 426 Sierra Madre B, North Little Rock, AR 72118 was the address Juwaireeyah Mujahid had twice referenced in her Answers.

64.    The Motion did not contain the Requests for Admissions as an exhibit.

65.    Defendants never filed Requests for Admission in the debt collection, even though they were required to do so by the Arkansas Rules of Civil Procedure.

66.    Even though Defendants did not properly serve her with the Motion, Juwaireeyah Mujahid discovered the Motion had been filed and retained undersigned counsel to represent her.

67.    Juwaireeyah Mujahid has incurred an attorney fee in the amount of $2,400 to defend the debt collection lawsuit.

68.    Juwaireeyah Mujahid has suffered emotional distress because she was worried a judgment might be entered against her after having not been served with the Motion.

## Causes of Action

### Count I - Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

69.    Juwaireeyah Mujahid incorporates by reference the above paragraphs as though stated.

70.    The FDCPA is a strict liability statute.

71.    Courts liberally interpret the FDCPA to meet its remedial purposes.

72.    The FDCPA, 15 U.S.C. 1692e, e(5), and e(10) prohibits a debt collector from deceptive and false representations when collecting debts:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73.    The FDCPA, 15 U.S.C. § 1692f, f(1), prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect a debt:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)    The collection of any amount (including any interest, fee, charge, or expense identical to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

74.    The foregoing acts and omissions of Defendants constitute a violation of the FDCPA, 15 U.S.C. §§ 1692e, e(5), e(10), 1692f, and f(1).

75.    Because of Defendants violations of the FDCPA, Juwaireeyah Mujahid may recover statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A) against each Defendant; actual damages under 15 U.S.C. § 1692(a)(1); and a reasonable attorney's fee and costs under 15 U.S.C. § 1692k(a)(3), from Defendants.

76.    Juwaireeyah Mujahid may recover the $2,400 in attorney fees incurred to defend her in debt collection lawsuit and emotional distress as actual damages under the FDCPA.[4]

### Count II - Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

77.    Juwaireeyah Mujahid incorporates by reference the above paragraphs as though stated.

78.    The AFDCPA is a strict liability statute.

79.    Courts liberally interpret the AFDCPA to meet is remedial purposes.

80.    The AFDCPA, 17-24-506,  prohibits a debt collector from deceptive and false representations when collecting debts:

(a)    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(b)    Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

---

[4] *Monroe v. Steinfeld*, 2012 WL 1496204 (N.D. Cal., March 22, 2012) (awarding consumer actual damages on his § 1692i claim of $2,300, amount of attorney fees and costs paid to consumer's lawyer to have underlying state collection case that was filed in violation of 1692i transferred to county of proper venue) adopted, 2012 WL 1497519 (N.D. Cal., April 27, 2012).

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken;

\* \* \*

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

81.    The AFDCPA, 17-24-507 prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect a debt:

(a)    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(b)    Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)    The collection of any amount (including any interest, fee, charge, or expense identical to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

82.    The foregoing acts and omissions of Defendants constitute a violation of the AFDCPA, 17-24-501(a), (b)(5), (b)(10) and 17-24-507(a), (b)(1).

83.    Because of Defendants violations of the AFDCPA, Juwaireeyah Mujahid may recover statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A) against each Defendant; actual damages under Ark. Code Ann. § 17-24-512(a)(1) against Defendants; and a reasonable attorney's fee and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants.

84.   Juwaireeyah Mujahid may recover the $2,400.00 in attorney fees incurred to

defend him in the debt collection lawsuit and emotional distress in the form of

embarrassment and humiliation, as actual damages under the AFDCPA.[5]

## Jury Demand

85.   Juwaireeyah Mujahid demands a trial by jury.

## Prayer for Relief

86.   Juwaireeyah Mujahid prays for a judgment entered against Defendants including:

   (a)   statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(1) against

         each of Jefferson Capital Sys. and Jacob Law Group;

   (b)   statutory damages of $1,000.00 under Ark. Code Ann. § 17-24-

         512(a)(2)(A) against each of Jefferson Capital Sys. and Jacob Law Group;

   (c)   actual damages under 15 U.S.C. § 1692k(a)(1) and Ark. Code Ann. 17-24-

         512(a)(1) against Defendants;

   (d)   costs of litigation and a reasonable attorneys' fee under 15 U.S.C. §

         1692k(a)(3) and Ark. Code Ann. § 17-24-512(a)(3)(A) against Defendants,

         and

   (e)   such other relief as may be just and proper.

                                          Respectfully submitted:

                                          JUWAIREEYAH MUJAHID

---

[5] *Monroe v. Steinfeld*, 2012 WL 1496204 (N.D. Cal., March 22, 2012) (awarding consumer actual damages on his § 1692i claim of $2,300, amount of attorney fees and costs paid to consumer's lawyer to have underlying state collection case that was filed in violation of 1692i transferred to county of proper venue) adopted, 2012 WL 1497519 (N.D. Cal., April 27, 2012).

By:    _____

Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Aug-29  12:38:36
60CV-23-6464
C06D04 : 39 Pages

## *UNIFORM COVER PAGE*
[To be used when required by Administrative Order No. 2 (g)*]

COURT:    CIRCUIT COURT OF PULASKI COUNTY

Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER:            JUWAIREEYAH MUJAHID

DEFENDANT/
RESPONDENT:        JEFFERSON CAPITAL SYSTEMS, LLC, ET AL

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):          EXHIBIT 1

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Aug-29 13:41:28
60CV-22-5855
C06D17 : 10 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JEFFERSON CAPITAL SYSTEMS,LLC                                    PLAINTIFF

V.                                                                          CAUSE NO._____

JUWAIREEYAH MUJAHID                                             DEFENDANT

### COMPLAINT

COMES NOW Plaintiff, JEFFERSON CAPITAL SYSTEMS,LLC, by and through

counsel, and brings this its complaint against the Defendant, as follows:

I.

Defendant, JUWAIREEYAH MUJAHID, is an adult resident of 2011 AZTEC DR APT

1801, NORTH LITTLE ROCK AR 72116-4460.

II.

Plaintiff, holds a claim against the Defendant pursuant to a SANTANDER CONSUMER

USA INC. DBA CHRYSLER CAPITAL account having account number *************1000.

This account is in default and is presently due and owing in the amount listed below.

III.

Plaintiff, through counsel, sent Defendant a correspondence demanding payment on this

account.  More than thirty days have elapsed since the mailing of this correspondence and

Defendant has failed to satisfy this account.

IV.

To the best of my information and belief, after investigation of Defendant's employment, I

hereby make affidavit that the Defendant is not a member of a military service.

V.

As a direct and proximate cause of Defendant's failure to pay this past due indebtedness,

Plaintiff has incurred court costs.

WHEREFORE, Plaintiff, JEFFERSON CAPITAL SYSTEMS, LLC, demands judgment

of, from and against the Defendant in the amount of $9,265.58, plus all costs of court, plus post judgment interest.

THIS August 10, 2022.

Michael A. Jacob, II
AB#2010-110
Jacob Law Group, PLLC
2623 West Oxford Loop
P.O. Box 948
Oxford, MS  38655
(866) 287-5283
(662) 238-2834 facsimile

*This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.

00415595

STATE OF MINNESOTA    )
                         ) ss.
COUNTY OF STEARNS    )

### AFFIDAVIT OF ACCOUNT

The undersigned affiant, being first duly sworn, deposes and states as follows, to-wit:

1.  (S)he is a competent person over eighteen years of age. (S)he is the Custodian of Records for Jefferson Capital Systems, LLC, the Plaintiff herein (hereinafter "Plaintiff"). As Custodian of Records for Plaintiff, (s)he is authorized to execute this affidavit on behalf of Plaintiff and the information below is true and correct to the best of her knowledge, information and belief. (S)he is familiar with the method of preparation and maintenance of Plaintiff's books and records and believe them to be true and correct, with entries thereon having been made in the ordinary course of Plaintiff's business, at or near the time of the transaction giving rise to each entry.

2.  In the ordinary course of business Plaintiff regularly purchases revolving credit account records and/or other credit lines from the Original Creditor or their Assignee(s). Plaintiff purchased the credit account of Defendant herein, Account Number referenced below (hereinafter "the Account") from the Original Creditor or its Assignee.

3.  Plaintiff is the current owner of, and/or successor in interest to, the obligation sued upon, and was assigned all the rights, title and interest to Defendant JUWAIREEYAH MUJAHID's SANTANDER CONSUMER USA INC. DBA CHRYSLER CAPITAL account identified by the account number ending in **************1000.

4.  Plaintiff's business records for the Account of Defendant reflect that the balance due and owing to Plaintiff by the Defendant on the Account Number referenced above as of the date hereof May 23, 2022 is in the sum of $9,265.58, according to the business records provided to Plaintiff by the Original Creditor or its Assignee at the time the Account was purchased.

Dated: 6-16-2022

Becky Witnowski
Custodian of Records

Subscribed and Sworn to before
me on 6-16-2022

Notary Public

KRISTI COFFMAN
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2026

MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT
SIMPLE FINANCE CHARGE

| | |
|---|---|
| BUYER **JUMAIREYAN NJJAKEO** | SELLER/CREDITOR STEVE LANDERS CHRYSLER DODGE JEEP |
| ADDRESS 5982 MCCAIN PARK PLACE APT 301 | ADDRESS 401 COLONEL GLENN PLAZA LOOP |
| CITY NORTH LITTLE ROCK STATE AR ZIP 72117 | CITY LITTLE ROCK STATE AR ZIP 72210 |
| PHONE (501)612-4327 | PHONE (501)568-4801 |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.

PROMISE TO PAY. You promise to pay us the Amount Financed, Finance Charge, and any other charges in this contract...

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $5500.00 |
| 18.00 % | $18180.32 | $27974.00 | $46282.32 | $51782.32 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 642.81 | Monthly beginning 08/03/2018 |
| N/A | N/A | N/A |

FOR questions or complaints about this contract, contact CHRYSLER CAPITAL.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer _____

See back for other important agreements.

BUYERS ACKNOWLEDGMENT OF CONTRACT RECEIPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU UNDERSTAND THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

Buyer Signs _____ Date 06/19/18   Co-Buyer Signs _____ Date 06/19/18

STEVE LANDERS CHRYSLER DODGE JEEP

OTHER TERMS AND CONDITIONS

**1. FINANCE CHARGE AND PAYMENTS**

a. HOW WE FIGURE THE FINANCE CHARGE.

b. HOW WE WILL APPLY YOUR PAYMENTS.

c. HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.

d. TRANSFER OF RIGHTS.

e. SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.

**2. YOUR OTHER PROMISES TO US**

a. USE AND TRANSFER OF THE VEHICLE.

b. CARE OF THE VEHICLE.

c. RECOVERY EXPENSES.

d. PHYSICAL DAMAGE INSURANCE.

1. Any Insurance policy's service contract or other contract financed by us and any proceeds of those contracts; and

2. Any refunds of charges included in this contract for insurance, or service contracts.

e. AGREEMENT TO PROVIDE INSURANCE.

f. OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.

g. PHYSICAL DAMAGE INSURANCE PROCEEDS.

h. RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.

**3.**

a. APPLICATION OF CREDITS.

b. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES.
   1. LATE CHARGE.
   2. DEFAULT.
   3. OUR RIGHT TO DEMAND PAYMENT IN FULL.
   4. REPOSSESSION.
   5. YOUR RIGHT TO REDEEM.
   6. DISPOSITION OF THE VEHICLE.
   7. COLLECTION COSTS.
   8. CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.

**4. INTEGRATION AND SEVERABILITY CLAUSE**

**5. LEGAL LIMITATIONS ON OUR RIGHTS**

**6. SELLER'S DISCLAIMER OF WARRANTIES**

**7. Used Car Buyers Guide.**

Spanish Translation: Guía para compradores de vehículos usados. La Información que se en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**8. SERVICING AND COLLECTION CONTACTS.**

**9. APPLICABLE LAW.**

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

This PROVISION applies to this contract only if the vehicle financed in this contract was purchased for personal, family, or household use.

Form No. 553-TX 4/18

EXHIBIT A

FORM OF
ASSIGNMENT

For value received, in accordance with the Purchase and Sale Agreement (the "Agreement"), dated as of February 25, 2020, between Santander Consumer USA Inc. dba Chrysler Capital, an Illinois corporation (the "Seller"), and Jefferson Capital Systems, LLC (the "Purchaser"), on the terms and subject to the conditions set forth in the Agreement, the Seller does hereby irrevocably sell, transfer, assign, contribute and otherwise convey to the Purchaser on the Closing Date, without recourse (subject to the obligations in the Agreement), all right, title and interest of the Seller, whether now owned or hereafter acquired, in, to and under the Purchased Receivables set forth on the Schedule of Contracts attached hereto as Schedule 1, all Collections received on the Purchased Receivables after the Cutoff Date, the Receivables Files relating to the Purchased Receivables and all proceeds of any of the foregoing.

This Assignment is made pursuant to and upon the representations, warranties and agreements on the part of the undersigned contained in the Agreement and is governed by the Agreement.

Capitalized terms used herein and not otherwise defined shall have the meaning assigned to them in the Agreement.

* * * * *

Exhibit A- 1

ID: 19052

IN WITNESS WHEREOF, the undersigned has caused this Assignment to be duly executed as of the date and year first above written.

SANTANDER CONSUMER USA INC.
dba Chrysler Capital, as Seller

By: _____

Name: Mahesh Aditya

Title: President and CEO

ACKNOWLEDGED AND ACCEPTED:

Jefferson Capital Systems, LLC, as Purchaser

By: _____

Name: David M. Burton

Title: President and CEO

Exhibit A - 2

ID: 19052



Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-1275
(855) 563-5635

## Explanation of Calculation of Surplus or Deficiency

Date: 07/22/2019

JUWAIREEYAH MUJAHID
5902 MCCAIN PARK PL APT 201
NORTH LITTLE ROCK, AR 72117-4453

Re:    Account No. ████████████4000
       Retail Installment Sale or Credit Sale Contract dated 06/19/2018 ("Agreement")
       2019 // JEEP // Cherokee // VIN 1C4PJLLB9KD204334 ("Vehicle")

Dear JUWAIREEYAH MUJAHID:

Please be advised that we disposed of the Vehicle on 07/03/2019. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| No. | Description | | | | |
|---|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 07/22/2019 | | $29,201.05 | | |
| 2. | Rebate of unearned finance charges as of 07/22/2019, if any | - | $0.00 | | |
| 3. | Accrued and unpaid late fees | + | $143.56 | | |
| 4. | Net balance due (1 minus 2 plus 3) | | | = | $29,344.61 |
| 5. | Gross proceeds from the sale of the Vehicle | - | $16,000.00 | | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = | $13,344.61 |
| 7. | Costs of retaking the Vehicle | | $385.00 | | |
| 8. | Costs of storing the Vehicle | + | $0.00 | | |
| 9. | Costs of preparing the Vehicle for sale | + | $450.00 | | |
| 10. | Costs of selling the Vehicle | + | $686.20 | | |
| 11. | Attorneys' fees and court costs | + | $0.00 | | |
| 12. | Other costs: | + | $0.00 | | |
| 13. | Total Costs (7 through 12) | | | = | $1,521.20 |
| 14. | Credit: Rebate of unearned insurance premiums | | $0.00 | | |
| 15. | Credit: | + | $0.00 | | |
| 16. | Credit: | + | $0.00 | | |
| 17. | Total Credits (14 through 16) | | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = | $14,865.81 |



(The checked box applies to you).

☑ Deficiency balance for which you are liable and for which demand* is hereby made $14,865.81. **
☐ Surplus balance to be remitted to you $0.00. **
☐ Surplus balance paid to a subordinate party $0.00.**

**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.

If you need more information about the transaction, contact us: Chrysler Capital, P.O. Box 961275, Fort Worth, TX 76161-1275, (855) 563-5635.

Sincerely,

Chrysler Capital

* NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Chrysler Capital can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.



PO BOX 961275 // FORT WORTH, TX 76161-1275                                              DEF_502_29044_071713
©2013 Chrysler Capital. Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.
Page 2 of 2                                          2345566576                                    (Rev. 071713)

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JEFFERSON CAPITAL SYSTEMS, LLC                                          PLAINTIFF

V.                                                                CAUSE NO. _____

JUWAIREEYAH MUJAHID                                                     DEFENDANT

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

<u>JUWAIREEYAH MUJAHID</u>

<u>2011 AZTEC DR APT 1801, , NORTH LITTLE ROCK AR 72116-4460</u>

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Michael A. Jacob, II, Esq., PO Box 948, Oxford, MS 38655.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:

PULASKI COUNTY CIRCUIT COURT
401 WEST MARKHAM, STE 120
LITTLE ROCK, AR 72201

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

00415595

## RETURN OF SERVICE

State of Arkansas
City of _____

     I, _____, hereby certify that I served the within complaint,
_____, at _____ o'clock _____.m. on _____, 20___, by
personal service on _____, such person being:

_____     the person named therein as defendant.

_____     a member of the defendant's family abode 14 years of age or older at the
     defendant's usual place of abode, namely _____.

_____     the duly designated agent for service of process for the defendant, namely
     _____

_____     OTHER:_____
     _____


                            _____
                            Sheriff/Process Server

SWORN TO AND SUBSCRIBED BEFORE ME, this the _____day of

_____, 20___.

                            _____
                            Notary Public

My Commission Expires:


_____



**Case Title:**        JEFFERSON CAPITAL SYSTEMS V JUWAIREEYAH MUJAHID

**Case Number:**    60CV-22-5855

**Type:**          SUMMONS - FILER PREPARED

So Ordered

Timothy Bryant

Electronically signed by TLBRYANT on 2022-08-29 16:32:47    page 3 of 3

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Sep-12 16:46:54
60CV-22-5855
C06D17 : 1 Page

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

_____ DIVISION

Jefferson Capital Systems LLC          **PLAINTIFF**

**VS**                    60cv-22-5855
                          CASE #

Juwaireeyah Mujahid                    **DEFENDANT**

## ANSWER / RESPONSE

I am not responsible for the debt I am being sued for. I have requested documentation that shows I am responsible for the debt. I do not believe this company has the right to sue me.

Juwaireeyah Mujahid          501-607-7814
426 Sierra Madre Dr. B
North Little Rock, AR
   72118

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Sep-14 07:47:26
60CV-22-5855
C06D17 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JEFFERSON CAPITAL SYSTEMS,LLC           PLAINTIFF

V.           CAUSE NO.

JUWAIREEYAH MUJAHID           DEFENDANT

## NOTICE OF SERVICE

This day, Plaintiff through counsel served the following documents on the Defendant:

1.     Plaintiff's First Set of Requests for Admissions;
2.     Plaintiff's First Set of Interrogatories; and
3.     Plaintiff's First Set of Request for Production of Documents or Things.

September 12, 2022

Respectfully Submitted,
Jacob Law Group. PLLC
*Attorney for the Plaintiff*
2623 West Oxford Loop
P.O. Box 948
Oxford, MS 38655
(662) 238-2868
(662) 238-2834 facsimile

Michael A. Jacob, II
ARB# 2010110

## CERTIFICATE OF SERVICE

I, Michael A. Jacob, II, do hereby certify that I have this day mailed, postage prepaid, a

true and correct copy of the above and foregoing to:

JUWAIREEYAH MUJAHID
2011 AZTEC DR APT 1801
NORTH LITTLE ROCK AR 72116-4460

September 12, 2022

Michael A. Jacob, II

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Oct-10 09:17:19
60CV-22-5855
C06D17 : 3 Pages

Juwaireeyah Mujahid
426 Sierra Madre Dr Unit B
North Little Rock, AR 72118


Pulaski County Circuit Court
401 West Markham, Ste 120
Little Rock, AR 72201


I have attached a copy of my validation letter that I sent to the company Jefferson

Capital Systems LLC. I am informing you that I have reached out to the company and

that they must verify and validate this information they are taking me to court for.


Case
Number:
60cv-22-5855

# Request for VALIDATION

Juwaireeyah Mujahid
426 Sierra Madre Dr Unit B
North Little Rock, AR 72118

September 7, 2022

Convergent Outsourcing
Address: 800 SW 39th St., Suite 100
City/ State/ Zip: Renton, WA 98057
RE: Account #

To Whom It May Concern:
This letter is being sent to you in response to notices sent to me from your company and
more importantly, due to your erroneous reporting to the Credit Bureau{s}, the highly
negative impact on my personal credit report. Please be advised that this is not a refusal
to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC
1692g Sec. 809 {b} that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for
VALIDATION made pursuant to the above named Title and Section. I respectfully
request that your offices provide me with competent evidence that I have any legal
obligation to pay you.

Please provide me with the following:
- What the money you say I owe is for:
- Explain and show me how you calculated what you say I owe:
- Provide me with copies of any papers that show I agreed to pay what you say I owe:
- Provide a verification or copy of any judgment if applicable:
- Identify the original creditor:
- Prove the Statute of Limitations has not expired on this account:
- Show me the you are licensed to collect in my state:
- Provide me with your license numbers and Registered Agent or Agent of Service:

At this time I will also inform you that if your offices have reported invalidated information to any
of the 3 major Credit Bureau's {Experian, Equifax or TransUnion} this action might constitute
fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any
of my credit reports by your company or the company that you represent, I will not hesitate to
bring legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character

If your offices are able to provide proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information with a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate, when in fact there is no provided proof that it is accurate.

If your company fails to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit report and a copy of such deletion {to any/all of the 3 major credit reporting bureaus: Equifax, Experian and TransUnion} request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your company to my home or my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure your records are in order before I am forced to take legal action against your company and your client. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Juwaireeyah Mujahid

**ELECTRONICALLY FILED**
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Oct-27 07:52:09
60CV-22-5855
C06D17 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY
STATE OF ARKANSAS

| | | |
|---|---|---|
| **JEFFERSON CAPITAL SYSTEMS,** | Cause No.: | **60CV-22-5855** |
| Plaintiff/Petitioner | Hearing Date: | |
| vs. | | |
| **JUWAIREEYAH MUJAHID** | **DECLARATION OF SERVICE OF** | |
| Defendant/Respondent | **Summons; Complaint** | |

## AFFIDAVIT OF SERVICE

This affidavit is for service on JUWAIREEYAH MUJAHID

[X] I personally delivered the **Summons; Complaint** to JUWAIREEYAH MUJAHID at 426 SIERRA MADRE DR, NORTH LITTLE ROCK, Pulaski County, AR 72118 on 19th day of October, 2022; or

[ ] I left the **Summons; Complaint** in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her; or

[ ] I left the **Summons; Complaint** with _____ [name] , a member of the defendant's family at least 18 years of age, at _____ [address] , a place where the defendant resides, on _____ [date]; or

[ ] I delivered the **Summons; Complaint** to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

[ ] I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the **Summons; Complaint** on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

[ ] I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the **Summons; Complaint** by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

[ ] Other [specify]: _____

[ ] I was unable to execute service at _____
[place] :

_____

My fee is $: $ 69.00

REF: 00415595

PAGE 1 OF 2
ORIGINAL PROOF OF
SERVICE





Tracking #: 0095320943

To be completed if service is by a sheriff or deputy sheriff:

Date: _____

SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[Signature of server]

_____

[Printed name, title, and badge number]

To be completed if service is by a person other than a sheriff or deputy sheriff:
Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Helen Viele_                    23PS-18-17                    10/20/22
Helen Viele                            Server ID #                   Date

Notary Public: Executed in _Pulaski_ County, and subscribed and sworn before me on this _20th_ day of
_October_ in the year of 2022. Personally known to me ✓ or identified by the following

_Victoria Zavala_
Notary Public (Legal Signature)

[Notary seal: VICTORIA ZAVALA, NOTARY PUBLIC, ARKANSAS, PULASKI COUNTY, 12804457 EXPIRES 7-11-2025]

Additional information regarding service or attempted service:
JUWAIREEYAH MUJAHID, I delivered the documents to JUWAIREEYAH MUJAHID with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 18-25 years of age, 5'6"-5'8" tall and weighing 120-140 lbs. APT. B.


Tracking #: 0095320943

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-08 10:52:17
60CV-22-5855
C06D17 : 1 Page

Case Number : 60CV-22-5855

Date Nov. 8, 2022

Written     Answer

I did not purchase a car from Steve Landers. The signature for the "buyer" was not done by me. Zaynab Mujahid is the one that signed that paperwork. I was not present and did not agree to be the buyer of the vehicle.
I can provide my signature to prove this.

– Juwaireeyah Mujahid

Juwaireeyah
Mujahid

501-607-7814

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-09 10:05:26
60CV-22-5855
C06D17 : 3 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

JEFFERSON CAPITAL SYSTEMS, LLC                                      PLAINTIFF

V.                                                    CAUSE NO. 60CV-22-5855

JUWAIREEYAH MUJAHID                                                 DEFENDANT

## MOTION TO HAVE UNANSWERED REQUESTS FOR ADMISSIONS DEEMED ADMITTED AND FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff through their attorney and files this Motion to Have Unanswered Requests for Admissions Deeded Admitted and for Summary Judgment pursuant to A.R.C.P. 56 against JUWAIREEYAH MUJAHID based on the following:

1.      Plaintiff filed a Complaint in this matter and served a copy of it along with a summons issued by the Clerk of this Court, on the Defendant.

2.      As stated in Plaintiff's Complaint and supporting documents, JUWAIREEYAH MUJAHID failed and/or refused to pay amounts owed initially to SANTANDER CONSUMER USA INC. DBA CHRYSLER CAPITAL, the original creditor, and subsequently to Plaintiff who now owns all rights to this debt and has full authority and power to do and perform all acts necessary for the collection, including the right to pursue legal action.

3.      The Plaintiff propounded upon the Defendant their First set of Requests for Admissions, Interrogatories and Request for the Production of Documents. Contained within said discovery requests were certain Requests for Admissions.

4.      Said Requests for Admissions have now been deemed admitted by operation of law since they were not filed within the time allowed by *Rule 36, Arkansas Rules of Civil Procedure.* As such the matters have been admitted to and are conclusively established.

5.      All of the elements of the Plaintiff's claim have been admitted; therefore, there are no genuine issues of material fact as to Plaintiff's claim.

6.      The Complaint filed herein does hereby state a cause of action as against the Defendant, and the damages incurred by the Plaintiff, are readily capable of being determined, and that the Plaintiff, is entitled to recover of, from and against the Defendant, in the sum of $9,265.58, plus court costs, accruing at the rate of 5.5% per annum from and after the date of judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant it's Motion to Have Unanswered Requests for Admissions Deemed Admitted and for Summary Judgment in its favor and award judgment in the sum of $9,265.58, plus court costs, with interest to accrue until such judgment is satisfied. Further, Plaintiff requests all other relief appropriate in the premises.

November 8, 2022.

Respectfully Submitted,

Jacob Law Group. PLLC
*Attorney for the Plaintiff*
2623 West Oxford Loop
P.O. Box 948
Oxford, MS  38655
(662) 238-2868
(662) 238-2834 facsimile

_____
Michael A. Jacob, II
ARB# 2010110

## CERTIFICATE OF SERVICE

I, Michael A. Jacob, II, do hereby certify that I have this day mailed, postage prepaid, a

true and correct copy of the above and foregoing to:

JUWAIREEYAH MUJAHID
2011 AZTEC DR APT 1801
NORTH LITTLE ROCK AR 72116-4460

November 8, 2022.

_____
Michael A. Jacob, II

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-30  17:21:55
60CV-22-5855
C06D17 : 3 Pages

In the Circuit Court of Pulaski County, Arkansas

Jefferson Capital Systems, LLC                                         Plaintiff

v.                                        Case No. 60CV-22-5855

Juwaireeyah Mujahid                                          Defendant

## Opposition to Motion to Have Unanswered Requests for Admissions Deemed Admitted and for Summary Judgment

Defendant Juwaireeyah Mujahid asks the Court to deny Plaintiff Jefferson

Capital Systems, LLC's Motion to Have Unanswered Requests for Admissions Deemed

Admitted and for Summary Judgment (the Motion).

The Motion is based on Jefferson Capital System, LLC's allegation that it

propounded upon Mujahid a First Set of Requests for Admissions, Interrogatories, and

Request for the Production of Documents.

Jefferson Capital Systems, LLC (Jefferson Capital Sys.) did not, however, file its

Request for Admissions were not filed as required by Ark. R. Civ. P. 36(c) and Ark. R.

Civ. P. 5(c). While the Arkansas Supreme Court has not had the occasion to opine on

the effect of unfiled requests for admission, it has ruled that not filing responses to

requests for admission with the clerk can render the responses ineffective.[1] Mujahid

requests the Court find that Jefferson Capital Sys.'s Requests for Admission were

ineffective because it did not file the Requests for Admission and deny the Motion on

that basis.

---

[1] *Hardesty v. Baptist Health*, 2013 Ark. App. 731, 2013 WL 6493105 (2013) (analogizing to default cases where no timely answer was filed.)

Additionally, Jefferson Capital Sys. did not serve Mujahid with the Request for Admission, Interrogatories, and Request for Production or the Motion. The Affidavit of Service filed by Jefferson Capital Sys. attests Mujahid was served at 426 Sierra Madre Drive, North Little, Rock, AR 72118. Mujahid notified Jefferson Capital Sys. that her correct and current address was 426 Sierra Madre Drive, Unit B, North Little Rock, AR 72118, in filings Mujahid made with the Clerk on September 12, 2022, and October 10, 2022. These filings were electronically served on Jefferson Capital Sys.

The Certificate of Services attached to Jefferson Capital Sys.' Notice of Service and the Motion state it mailed the Requests for Admission and the Motion to 2011 Aztec Drive, Apt. 1801, North Little Rock, AR 72116, on September 12, 2022, and November 8, 2022, respectively, even though it served Mujahid at the 426 Sierra Madre Drive address and Mujahid listed the 426 Sierra Madre Drive address in her filings with the Clerk that were served on Jefferson Capital Sys.[2] Jefferson Capital Sys. served Mujahid at the 426 Sierra Madre Drive address and despite Mujahid's filings with her correct address as 426 Sierra Madre Drive, Jefferson Capital Sys. mailed the Requests for Admission and the Motion to another address. Mujahid swears she has never been served with the Requests for Admission, Interrogatories, Request for Production or the Motion and that just this week she discovered that the Notice of Service and the Motion had been filed.[3]

Thus, even if the Court excuses Jefferson Capital Sys.' failure to file the Requests for Admission with the Clerk, Mujahid has established that she was not served with the Requests for Admission or the Motion at the address where Jefferson

[2] See attached, Exhibit A, Affidavit of Juwaireeyah Mujahid (Mujahid Affidavit), ¶¶ 4-7.

[3] Mujahid Affidavit, ¶¶ 11-12.

Capital was notified that she lived and where it had served her with the summons and complaint, which enough evidence to deny the Motion.[4]

For these reasons, Mujahid requests the Court deny the Motion.

Respectfully submitted,

By:     */s/ Corey D. McGaha*
Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208

*Counsel for Defendant*

### Certificate of Service

I, Corey D. McGaha, certify that on November 30, 2022, consistent with the requirements of Ark. R. Civ. P. 5, a complete copy of the foregoing was electronically filed with the Clerk of the Court using the AOC Electronic Filing System (eFlex) system and electronically served on all parties of record in the eFlex system, per Arkansas Administrative Order 21, § 7(a), to:

Michael A. Jacob, II

*/s/ Corey D. McGaha*

---

[4] *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998) (The question is "whether there is evidence to raise a fact issue, rather than evidence sufficient to compel a conclusion on the part of the factfinder.").

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-30 17:21:55
60CV-22-5855
C06D17 : 8 Pages

In the Circuit Court of Pulaski County, Arkansas

Jefferson Capital Systems, LLC                                          Plaintiff

v.                                    Case No. 60CV-22-5855

Juwaireeyah Mujahid                                                    Defendant

***

State of Arkansas          )
County of Pulaski          )

## Affidavit of Juwaireeyah Mujahid

Before me, the undersigned notary, on this day personally appeared, Juwaireeyah Mujahid, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1.    "My name is Juwaireeyah Mujahid. I am competent to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.    I am the Defendant named in the Complaint filed in *Jefferson Capital Systems, LLC v. Juwaireeyah Mujahid*, Case No. 60CV-22-5855, In the Circuit Court of Pulaski County, Arkansas.

3.    I was served with the Summons and Complaint on October 19, 2022, at 426 Sierra Madre Drive, Apt. B, North Little Rock, AR 72118.

4.    On September 12, 2022, I filed an Answer, without the aid of an attorney, denying that I was not responsible for the debt being sued for.  The Answer listed my

address as 426 Sierra Madre Drive, Apt. B, North Little Rock, AR 72118, and my

phone number as 501-607-7814. The Answer I prepared and filed is attached to this

Affidavit as Exhibit 1.

   5. I have reviewed the Notice of Service filed in this case by Jefferson Capital

Systems, LLC on September 14, 2022. The Certificate of Service states the Notice of

Service was mailed to me at 2011 Aztec Drive, Apt. 1801, North Little Rock, AR 72116

on September 12, 2022. I do not live at that address and did not live at that address

or receive mail at that address on September 12, 2022, and have not lived at the

2011 Aztec Drive, Apt. 1801 address since June 2022.

   6. On October 10, 2022, I filed a copy of a validation letter. This filing listed

my address as 426 Sierra Madre Dr., Apt. B, North Little Rock, AR 72118 in two

places. That filing is attached to this Affidavit as Exhibit 2.

   7. On November 8, 2022, I filed my own handwritten statement that I did not

purchase a car from Steve Landers, that the signature for the "buyer" was not done by

me, that Zaynab Mujahid signed the paperwork, and that I was not present and did not

agree to be the buyer of the vehicle. That filing is attached to this Affidavit as Exhibit 3.

   8. I have reviewed the Motion to Have Unanswered Requests for Admission

Deemed Admitted and for Summary Judgment filed by Jefferson Capital Systems, LLC,

on November 9, 2022. Notice of Service filed in this case by Jefferson Capital

Systems, LLC on September 14, 2022. The Certificate of Service states the Notice of

Service was mailed to me at 2011 Aztec Drive, Apt. 1801, North Little Rock, AR 72116

on November 8, 2022. I do not live at that address and did not live at that address or

receive mail at that address on November 8, 2022.

9.    I have lived at 426 Sierra Madre Dr., Apt. B, North Little Rock, AR 72118 since August 5, 2022.

10.    I have never been served with Plaintiff's First Set of Requests for Admissions; Plaintiff's First Set of Interrogatories; and Plaintiff's First Set of Request for Production of Documents or Things by Jefferson Capital Systems, LLC.

11.    I have never been served with Plaintiff's Motion to Have Unanswered Requests for Admission Deemed Admitted and for Summary Judgment by Jefferson Capital Systems, LLC.

12.    I just this week discovered that the Notice of Service and the Motion to Have Unanswered Requests for Admission Deemed Admitted and for Summary Judgment had been filed by Jefferson Capital Systems, LLC."

_Juwaireeyah Mujahid_
Juwaireeyah Mujahid

SWORN TO and SUBSCRIBED before me by Juwaireeyah Mujahid on this 30th day of November 2022.

MARIAH JANE FOWLER
Notary Public - Arkansas
Pulaski County
Commission # 12720821
My Commission Expires Oct 19, 2032

Notary Public in and for
the State of Arkansas

3

Exhibit 1

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Sep-12 16:46:54
60CV-22-5855
C06D17 : 1 Page

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

_____ DIVISION

Jefferson Capital Systems LLC          **PLAINTIFF**

**VS**          60cv-22-5855
          **CASE #**

Juwaireeyah Mujahid          **DEFENDANT**

## ANSWER / RESPONSE

I am not responsible for the debt I am being sued for. I have requested documentation that shows I am responsible for the debt. I do not believe this company has the right to sue me.

Juwaireeyah Mujahid          501-607-7814
426 Sierra Madre Dr. P
North Little Rock, AR
72118

Exhibit 2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Oct-10  09:17:19
60CV-22-5855
C06D17 : 3 Pages

Juwaireeyah Mujahid
426 Sierra Madre Dr Unit B
North Little Rock, AR 72118


Pulaski County Circuit Court
401 West Markham, Ste 120
Little Rock, AR 72201


I have attached a copy of my validation letter that I sent to the company Jefferson

Capital Systems LLC. I am informing you that I have reached out to the company and

that they must verify and validate this information they are taking me to court for.


Case
   Number:
        60cv-22-5855

# Request for VALIDATION

Juwaireeyah Mujahid
426 Sierra Madre Dr Unit B
North Little Rock, AR 72118

September 7, 2022

Convergent Outsourcing
Address: 800 SW 39th St., Suite 100
City/ State/ Zip: Renton, WA 98057
RE: Account #

To Whom It May Concern:
This letter is being sent to you in response to notices sent to me from your company and
more importantly, due to your erroneous reporting to the Credit Bureau{s}, the highly
negative impact on my personal credit report. Please be advised that this is not a refusal
to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC
1692g Sec. 809 {b} that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for
VALIDATION made pursuant to the above named Title and Section. I respectfully
request that your offices provide me with competent evidence that I have any legal
obligation to pay you.

Please provide me with the following:
- What the money you say I owe is for:
- Explain and show me how you calculated what you say I owe:
- Provide me with copies of any papers that show I agreed to pay what you say I owe:
- Provide a verification or copy of any judgment if applicable:
- Identify the original creditor:
- Prove the Statute of Limitations has not expired on this account:
- Show me the you are licensed to collect in my state:
- Provide me with your license numbers and Registered Agent or Agent of Service:

At this time I will also inform you that if your offices have reported invalidated information to any
of the 3 major Credit Bureau's {Experian, Equifax or TransUnion} this action might constitute
fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any
of my credit reports by your company or the company that you represent, I will not hesitate to
bring legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character

If your offices are able to provide proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes listing any information with a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate, when in fact there is no provided proof that it is accurate.

If your company fails to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit report and a copy of such deletion {to any/all of the 3 major credit reporting bureaus: Equifax, Experian and TransUnion} request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your company to my home or my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure your records are in order before I am forced to take legal action against your company and your client. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Juwaireeyah Mujahid

Exhibit 3

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-08 10:52:17
60CV-22-5855
C06D17 : 1 Page

Case Number : 60CV-22-5855

Date Nov. 8, 2022

Written Answer

I did not purchase a car from Steve Landers. The signature for the "buyer" was not done by me. Zaynab Mujahid is the one that signed that paperwork. I was not present and did not agree to be the buyer of the vehicle.

I can provide my signature to prove this.

— Juwaireeyah Mujahid

Juwaireeyah
Mujahid

501-607-7814

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Nov-30  17:21:55
60CV-22-5855
C06D17 : 2 Pages

In the Circuit Court of Pulaski County, Arkansas

Jefferson Capital Systems, LLC                                    Plaintiff

v.                          Case No. 60CV-22-5855

Juwaireeyah Mujahid                                           Defendant

## Entry of Appearance

To:    The clerk of court and all parties of record. I am admitted to practice in

the Courts of Arkansas, appear in this civil action as counsel for Defendant

Juwaireeyah Mujahid and represent Juwaireeyah Mujahid with respect to the debt at

issue.

Respectfully submitted

*/s/ Corey D. McGaha*
Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com

*Counsel for Defendant*

**Certificate of Service**

I, Corey D. McGaha, certify that November 30, 2022, consistent with the requirements of Ark. R. Civ. P. 5, a complete copy of the foregoing was electronically filed with the Clerk of the Court using the AOC Electronic Filing System (eFlex system) and electronically served on all parties of record in the eFlex system, per Arkansas Supreme Court Administrative Order 21, § 7(a), to the following:

Michael A. Jacob, II

/s/ Corey D. McGaha

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| JUWAIREEYAH MUJAHID, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.  60CV-23-6464 |
| | ) | |
| vs. | ) | NOTICE OF FILING |
| | ) | OF NOTICE OF REMOVAL |
| JEFFERSON CAPITAL SYSTEMS, | ) | |
| LLC; and JACOB LAW GROUP, | ) | |
| PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that Defendant in the above-captioned action, Jefferson

Capital Systems, LLC ("JCAP"), has filed a Notice of Removal removing this action with

the United States District Court for the Eastern District of Arkansas.  A copy of the notice is

attached hereto as **Exhibit 1**.

The removal of this action is authorized by 28 U.S.C. § 1446.  The state court is now

precluded from conducting any further proceedings unless and until the action is remanded

from the United States District Court for the Eastern District of Arkansas.

Dated:  January 25, 2024



1

Respectfully Submitted,

/s/ Taylor N. Williams
Taylor N. Williams, Esq. (2018132)
Watts, Donovan, Tilley & Carson, P.A.
2120 Riverfront Drive, Suite 275
Little Rock, Arkansas 72202
Telephone: (501) 372-1406
Email: taylor.williams@wdtc.law
*Attorneys for Defendant,*
*Jefferson Capital Systems, LLC*

## CERTIFICATE OF SERVICE

I, Taylor N. Williams, hereby certify that on January 25, 2024, I electronically filed the foregoing pleading using the eFlex system which shall send notification of such filing to the following:

Corey D. McGaha, Esq.
COREY D. MCGAHA PLLC
5507 Ranch Drive, Suite 104-D
Little Rock, AR  72223-0043

/s/ Taylor N. William
TAYLOR N. WILLIAMS

2